## Buncic, Appellant, *v.* Bierer.

Argued April 14, 1955. Before HIRT, ROSS, WRIGHT, WOODSIDE, and ERVIN, JJ. (RHODES, P. J. and GUNTHER, J., absent).

*Joseph P. Matuschak,* for appellants.

*Chad L. John,* for appellees.

OPINION PER CURIAM, July 21, 1955:

This action in equity was brought to cancel an allegedly forged deed. The plaintiffs and the defendants, Harold S. and Lula N. Bierer, were the owners of adjoining farms. The boundary line between them was crossed and recrossed by a meandering country road. The deed in question, dated April 21, 1942 and duly recorded, on its face was a conveyance by the plaintiffs to the Bierers of a narrow strip of land containing 1½ acres lying between the road and their farm. A deed from the Bierers to the plaintiffs, as to which there is no dispute, was executed and delivered on the same day for 7,500 square feet of land between the road and a part of the plaintiffs' farm. The purpose of the conveyances undoubtedly was to establish the public road as the dividing line between the two farms. The Bierers went into possession of the land described in the disputed deed. They fenced the land, and built a milk house and later a gasoline station upon it without protest from the plaintiffs. The validity of the deed was not questioned by them until after the Bierers sold their farm, including the 1½ acres in dispute, to

the defendants Carl H. Smith and his wife in 1951. This action was brought on July 16, 1952.

The chancellor upon credible evidence found that the deed in question was signed by the plaintiffs in their own handwriting in their home on April 22, 1942; that it was executed in the presence of their adult daughter Mary Buncic and a notary public, in addition to Harold S. Bierer, one of the grantees. It was also found that the deed immediately after execution was acknowledged by both plaintiffs before the notary as their act and deed as appears by the notary's certificate, and that the signature of Mary Buncic appearing as a subscribing witness to the execution of the deed by plaintiffs, is genuine.

President Judge Carr, in his adjudication as chancellor, referred to the notary's certificate as prima facie evidence of the due execution of the deed and stated: "In the present case the certificate is supported by the testimony of the notary as well as that of Bierer, one of the defendants. They have given us a detailed and convincing account of the particular circumstances under which the deed was signed by the plaintiffs and their acknowledgment taken. In addition, we have for comparison numerous signatures of the plaintiffs that are admittedly genuine and that cannot, in our opinion, be distinguished from those on the deed." The only evidence in support of the bald denials of the plaintiffs that they did not sign the deed is the statement of their daughter that she could not verify her own signature because she did not remember the transaction. The chancellor viewed "the testimony of all three of these interested parties with great distrust" and did not believe any of them.

Plaintiffs' exceptions to the findings and decree nisi were overruled, after argument, and by the final order in this case plaintiffs' complaint was dismissed

by the court en banc on March 31, 1954. The findings of the chancellor were supported by all of the credible evidence in this case and since the findings were confirmed by the court en banc, the final order is not open to question. *Wortex Mills, Inc. v. Textile Workers U. of A.*, 380 Pa. 3, 109 A. 2d 815. The appeal is wholly without merit.

Decree affirmed at appellants' costs.